40 N.J. Super. 244 (1956)
122 A.2d 781
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
EMIL BUSNELLI, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided May 15, 1956.
Mr. Emil Busnelli, pro se.
O'DEA, J.C.C.
The defendant has, by informal letter, made application to the court for correction of illegal sentence.
The defendant was indicted by the Bergen County grand jury for larceny, Indictment No. 15374, and burglary and *245 larceny, Indictment No. 15375, and on May 10, 1944, pleaded non vult to larceny under indictment No. 15374, and to burglary under Indictment No. 15375, when the second count of Indictment No. 15375 was dismissed. On June 16, 1944, the then Bergen County judge signed a release of the prisoner to the local draft board which, among other things, released the defendant from the custody and jurisdiction of the court coincidentally with defendant's induction into the armed services, to be effective "only during the time the said Emil E. Busnelli remains in the armed services of the United States." On the original indictment on file with the court under date of June 21, 1944, the notation appears, "Sentence stricken  Defendant in Army." The defendant was inducted into the Army and prior thereto signed a sentence waiver which, among other things, provided, "being advised that pursuant to the provisions of Title 2, Chapter 192, Section 1, Revised Statutes of 1937 (Chapter 10, Laws of 1944), sentence must be imposed within ninety days after acceptance of plea, I hereby waive any right, privilege or advantage which I may have under said statute and consent that sentence may be imposed at any time hereafter, but not later than one year from the date hereof." This sentence waiver was dated May 29, 1944.
While in the Army defendant became imprisoned in the Federal Reformatory at El Reno, Oklahoma, when attempts were made to bring him back to this jurisdiction, without success.
On January 18, 1952 defendant was sentenced in Hudson County on a larceny indictment to a term of five to seven years in New Jersey State Prison and while incarcerated under said sentence was returned to Bergen County before the original sentencing judge for sentencing on the indictments to which he had pleaded non vult on May 10, 1944. On March 26, 1954 he was sentenced to a minimum term of two years and a maximum term of three years in New Jersey State Prison on the larceny indictment, and a minimum term of four years and a maximum term of seven years in New Jersey State Prison on the burglary count of *246 the other indictment, both to run concurrent with the Hudson County term then being served.
Sentencing a defendant ten years after a plea to the offense, after releasing the defendant from sentence and jurisdiction of the sentencing court, violates both the letter and the spirit of the statute and rules, which require imposition of sentence within a reasonable time. To suspend indefinitely imposition of the sentence is not within the power of the court. To allow such a power would place a defendant at the caprice of the judge, for if a judge can delay sentence for ten years, he could delay it for 15 years or any length of time, which would burden a defendant with a continual threat of punishment that is not contemplated or permitted under the law of the rules of the court.
The two sentences imposed in this case, ten years after pleas of non vult, are therefore illegal and will be set aside.