WIGGINTON, Judge.
This is an appeal from judgment of conviction and sentence imposed by the Criminal Court of Record of Duval County in a case arising under F.S. Chapter 398, F.S.A. It is a companion case to that of Bateh v. State, Fla.App., 101 So.2d 869, both cases having been consolidated on appeal for the purpose of oral argument.
On August 30, 1955, appellant was informed against and charged in two counts with violating the provisions of F.S. § 398.09 and § 398.10, F.S.A., and upon arraignment entered a plea of nolo conten-dere. On November 3, 1955, he was adjudged guilty as charged. The trial court ordered that “ * * * the passing of sentence herein be deferred from day to day and term to term until finally disposed of and the Court herein expressly reserves jurisdiction of this cause to impose sentence herein at a later date as the Court may deem advisable.” Appellant was thereupon "released on [his] own recognizance.” Thereafter, on April 9, 1957, appellant was brought before the court and a supplemental order was entered whereby defendant was sentenced to imprisonment in the state prison- for*a term of two years. This sentence was to commence from the date of completion of a sentence previously imposed pursuant to a judgment of conviction under a separate and distinct information (the case being No. 11801).
Appellant has challenged the jurisdiction of the trial court to indefinitely defer the imposition of sentence and retain jurisdiction of the cause for the entry of a subsequent sentence. It is contended that such procedure violates due process of law.
For the reasons stated in our opinion in the companion case of Bateh v. State, Fla.App., 101 So.2d 869, we hold the trial court’s order of November 3, 1955, to be void and of no effect insofar as it purports to defer sentence. The sentence subsequently imposed on April 9, 1957, *877 complies with the law and is construed to have become effective November 3, 1955, nunc pro tunc. Therefore, the sentence imposed herein shall be deemed to have commenced upon completion of the prior sentence imposed by the trial court in the companion case mentioned above.
Accordingly, the cause is herewith remanded for the entry of an appropriate order and commitment giving effect to the views herein expressed.
CARROLL, DONALD K„ J., and REVELS, P. B., Associate Judge, concur.