106 So.2d 79 (1958)
C.H. HELTON, Petitioner,
v.
STATE of Florida, and R.O. Culver, as Custodian of Florida State Prison, Respondent.
Supreme Court of Florida.
October 29, 1958.
Philip D. Beall, Pensacola, for petitioner.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
*80 ROBERTS, Justice.
On December 14, 1944, petitioner was adjudged guilty of the offense of breaking and entering with intent to commit a misdemeanor, the petitioner having entered a plea of guilty to the charge. The trial judge withheld the imposition of sentence against petitioner, then aged 16, "from day to day and term to term, until further order of the court." Some twelve years later, on April 22, 1957, the trial judge sentenced the petitioner to serve a term of four years in the state prison for the aforementioned crime. By petition for the writ of habeas corpus the petitioner attacked the legality of his detention, his principal contention being that the trial judge was without authority to withhold indefinitely the imposition of sentence in the manner here attempted and sentence him twelve years later for his crime. The writ issued as prayed, and upon consideration of the writ and the return thereto filed by the respondent, this court entered an order discharging the petitioner from custody. This opinion is now filed in explanation of the court's previous order of discharge.
In Bateh v. State, Fla.App., 101 So.2d 869, the District Court of Appeal for the First District considered the exact question presented here. In a well-reasoned opinion the District Court, speaking through Judge Wigginton, discussed the common law and the decisions of this court from which evolved the theory that a trial judge was authorized to suspend or withhold indefinitely the imposition of sentence upon a convicted criminal. It was pointed out therein that in 1941, by Ch. 20519, Acts of 1941, now appearing as Ch. 948, Fla. Stat. 1957, F.S.A., the Legislature sanctioned the practice theretofore engaged in by trial judges in this state of suspending the imposition of sentence upon a convicted criminal, but accompanied such sanction with a mandate that the court "shall place [the defendant] upon probation under the supervision and control of the parole commission for the duration of such probation * *", § 948.01(3), Fla. Stat. 1957, F.S.A. So that there could be no doubt of its intention to limit the suspension power theretofore exercised by trial judges, it was expressly provided in § 948.01(4) that "In no case shall the imposition of sentence be suspended and the defendant thereupon placed on probation unless such defendant be placed under the custody of said parole commission * * *."
Thus, regardless of whether the practice as it existed in this state prior to 1941 was lawful, it is clear that since that date the power to suspend the imposition of sentence upon a convicted criminal can be exercised by a trial judge only as an incident to probation under the provisions of Ch. 948, supra. And insofar as the decisions of this court in Collingsworth v. Mayo, Fla. 1955, 77 So.2d 843, and the cases cited therein, may be construed to hold to the contrary they are hereby modified.
This is not to say that the trial judge may not withhold temporarily, or even from term to term, the imposition of sentence "for the purpose of determining motions and other matters arising between verdict and judgment, such as gaining information necessary to the imposition of a just sentence; or during the pendency of other charges, or for other good and valid reasons." Bateh v. State, supra [101 So.2d 876]. And we hold only, as did the District Court, that "a trial court cannot by the artifice of postponing the pronouncement of sentence exercise the power to conditionally parole or pardon a defendant who stands convicted of a crime."
The question then arises as to whether the trial judge had jurisdiction to revoke the order illegally suspending the imposition of sentence and to pronounce sentence upon the petitioner. While there is some conflict among the courts of other jurisdictions, we think the better view is that the court does not lose jurisdiction to impose a lawful sentence even though the term during which the defendant was convicted and the illegal order was entered has passed. For decisions supporting this view *81 see Miller v. Aderhold, 1933, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702; State v. Sorrows, 1957, 63 N.M. 277, 317 P.2d 324; Ex parte Dunn, 1926, 50 S.D. 48, 208 N.W. 224; Hoggett v. State, 1912, 101 Miss. 269, 57 So. 811. Contra: People ex rel. Smith v. Allen, 1895, 155 Ill. 61, 39 N.E. 568, 41 L.R.A. 473; Ex parte Grove, 1927, 43 Idaho 775, 254 P. 519; State v. Busnelli, 1956, 40 N.J. Super. 244, 122 A.2d 781. Other cases on both sides of the question are cited in the annotation in 141 A.L.R. at pages 1225 et seq. And cf. Kiser v. Mayo, 1939, 138 Fla. 775, 190 So. 246.
The petitioner contends, however, that such jurisdiction could not be exercised in this case, some twelve years after the date of his conviction. There is merit to this contention.
Here, the maximum sentence that could have been imposed against petitioner was five years. If the trial judge had performed his duty to place the petitioner under probation at the time he suspended the imposition of sentence, the period of probation could not have exceeded seven years. § 948.04, Fla. Stat. 1941, F.S.A., as amended by Ch. 21775, Laws of 1943. Thus, the petitioner would long since have served his sentence, had the maximum term of five years been imposed upon him at the time of his conviction. Cf. Bateh v. State, supra. Or if we treat the illegal order suspending imposition of sentence as an incorrectly imposed and defective order of probation, then the probationary period would have been served and the order of probation would have expired of its own force some five years prior to the date of the order here attacked. Under either theory the trial judge had no jurisdiction of the matter, so that his order purporting to impose a sentence on the petitioner was invalid.
It might be noted that by Ch. 57-284, Laws of 1957 [appearing as § 775.14 Fla. Stat. 1957, F.S.A.], the Legislature placed a time limitation of five years on the imposition of sentence upon a convicted criminal whose sentence was "withheld" at the time of his conviction. This statute may have been enacted for the purpose of limiting the time for the imposition of sentence in those cases in which sentencing was validly deferred or withheld for a proper judicial purpose, as referred to above; but it would appear to be equally applicable, by its terms, to those cases in which the imposition of sentence has been illegally suspended or "withheld" in contravention of Ch. 948, supra, as in the instant case. Since, however, this Act was not in effect at the time of the entry of the order here attacked, its impact upon the questions here presented could not be and was not considered.
For the reasons stated, it must be held that the petitioner was unlawfully restrained of his liberty under the sentence imposed by the trial judge and was entitled to be discharged from custody.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and THORNAL, JJ., concur.