119 So.2d 681 (1960)
Joe RODRIGUEZ, Petitioner,
v.
STATE of Florida, and H.G. Cochran, Jr., As Custodian of Florida State Prison, Respondents.
Supreme Court of Florida.
April 13, 1960.
William T. Fussell, Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THOMAS, Chief Justice.
In his petition for habeas corpus, Joe Rodriguez alleges that on 20 September *682 1956, he was "convicted" of the crime of possessing narcotics and on 19 November 1956 was adjudged guilty of the offense. He states that on the latter date, the court sentenced him "but said sentence was deferred from day to day and from term to term * * *." The exhibit upon which he relies for the statement shows that he was adjudged guilty and that sentence was deferred, but it does not support the position that he was actually sentenced. From this ambiguous language, read in the light of the exhibit we conclude that the petitioner plead guilty, the court adjudged him guilty, and then postponed the imposition of any sentence.
The petitioner follows these representations with the strange assertion that he "served under and continued to remain subject" to the deferred sentence from the date of conviction until 1 June 1959. Of course, he could not have been serving under a sentence that had not been imposed but the date he specifies introduces the reasoning he wishes this court to adopt in order to discharge him from custody. It was on this day, according to the petition, that he was again brought before the court to face a second violation of the Uniform Narcotic Drug Law, F.S.A. § 398.01 et seq., of which he plead guilty. He tells this court that the court set aside the sentence "previously announced" and inflicted a sentence of three years in the state penitentiary. He attempts to buttress his allegations with reference to the second feature of his petition with an exhibit which serves more to confuse than to clarify.
Both exhibits bear the same date, the same case number, the same parties, and the same description of the crime charged.
It is true that according to the latter exhibit he established the passage of the sentence. Whether the two exhibits relate to a single infraction or two violations of the same law, we cannot determine but we apprehend that they reflect that the court dealt with but one criminal charge. We are convinced that no sentence was served under the earlier order for the simple reason that none had been imposed and we reject the theory evidently attempted to be developed that even though he was at liberty between 19 November 1956 and 1 June 1959, or 21 October 1959 at which time he says he actually began serving his sentence, he should have some sort of credit for the interim on the sentence eventually imposed.
The petitioner refers us to two cases as support for his position: Bateh v. State, Fla.App., 101 So.2d 869, and Helton v. State, Fla., 106 So.2d 79, but he has not cited our opinion in State v. Bateh, 110 So.2d 7, which we think disposes of this controversy.
In that case the court said that in Helton v. State, supra, the postponement of the passage of sentence until some time in the future regardless of probation, was disapproved. We expressed the opinion that upon adjudication of guilt a defendant should either be sentenced or placed on probation, but we recognized that certain delay in following either of these courses might be justified because of procedural steps.
It was the gist of the decision, and such is the part of it now to be applied, that when a trial court puts off the imposition of sentence his actions with regard to it are confined to the period beginning with the judgment of guilt and ending with the last day of the extreme period for which sentence could have been inflicted at the time of the adjudication. In other words, the judge has the power to act within that time and impose a sentence which would not extend beyond it. As an illustration, if a crime were involved for which the defendant could be imprisoned for five years, the judge could sentence within the five years and fix the term of the sentence so that it would expire by the end of the five-year period.
From what we can learn from the petition, despite the averment that he was charged with a second violation of the narcotic law, the petitioner first plead guilty *683 19 November 1956 and later, after the postponement of sentence, was haled into court and sent to prison for three years.
Under the decision of this court in the Bateh case the judge could have, belatedly, exercised the power to sentence anytime within five years of the date of adjudication and could have sentenced for a period which did not extend beyond 19 November 1961.
So it is plain that the petitioner's effort to secure freedom is premature even when no consideration is given to the possibility that he was punishable as a second offender of the narcotic law.
Our statement in State v. Bateh, supra, with respect to this subject is re-announced and is expressly adopted.
The petition for habeas corpus is discharged and the prisoner is remanded to the custody of the respondent.
ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.