## STATE v. VALERIO.
### No. 5147.
Circuit Court, Dade County, Criminal Appeal.
October 27, 1961.

Achor & Achor, Miami, for appellant.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

This cause is before the court on motion of the state, appellee herein, to dismiss the appeal. Briefs have been submitted and oral arguments had on said motion.

The court is of the opinion that the motion to dismiss the appeal has merit, but its attention is called to the sentence imposed, and it appears that the sentence is erroneous.

The adjudication was made on the 28th day of June, 1960, after a plea of guilty. On that date, the criminal court of record suspended the passing of sentence from day to day and time to time until further order. *On that date* the court could have imposed a maximum sentence of one year, but under the decisions in Bateh v. State, 101 So. 2d 876 and 110 So. 2d 7, Hilton v. State, 106 So. 2d 79, and Rodriguez v. State, 119 So. 2d 681, it could not at any time during the ensuing year impose a sentence which would extend beyond one year from the date of adjudication which, of course, is June 28, 1961.

The sentence which was imposed was entered on the 23rd day of May, 1961 and on that date the court still had jurisdiction to impose a sentence, but it could not impose a sentence that would extend beyond June 28, 1961 — that is to say, it could only impose a sentence of one month and five days. Insofar as the sentence which was imposed by the court exceeded that limit, it is erroneous.

The judgment is affirmed, but the sentence imposed by the court on the 23rd day of May, 1961, is set aside and the case is remanded to the criminal court of record for the imposition of an appropriate sentence in accordance with this judgment and opinion.