177 So.2d 250 (1965)
Christopher DRAYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-806.
District Court of Appeal of Florida. Third District.
July 6, 1965.
*251 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
BARKDULL, Chief Judge.
This cause came on for rehearing pursuant to an order of this court and, following such rehearing, this court's opinion heretofore released in this cause dated May 11, 1965 be and the same is hereby withdrawn and receded from, and the following opinion is substituted in lieu thereof.
By this appeal, the appellant seeks review of the denial of his petition for relief pursuant to the provisions of Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
It appears that in January of 1960 the appellant was informed against by information charging him with the crime of robbery, and he entered a plea of not guilty. Thereafter, the matter came on for trial in November of 1960,[1] at which time he withdrew his plea of not guilty and entered a plea of guilty. The minutes of the court reflect the following:
* * * * * *
"The Court adjudged the Defendant, Chris Drayton, guilty and suspended the passing of sentence as follows:
SEE BOOK 30, PAGE 73
"The Court placed the Defendant, Chris Drayton, on probation and ordered him released into the custody of the Probation Officer for a period of five (5) years, at the expiration of the sentence imposed in Case No. 60-472 by this Court."
* * * * * *
but the judgment of conviction reads as follows:
* * * * * *
"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the passing of sentence be, and the same is, hereby suspended from day to day and term to term until the further order of this Court."[2]
* * * * * *
It is apparent that the court had no authority to suspend the sentence from day to day and term to term. See: Helton v. State, Fla. 1958, 106 So.2d 79; Bateh v. State, Fla.App. 1958, 101 So.2d 869; State v. Bateh, Fla. 1949, 110 So.2d 7. Therefore, the sentence entered was unlawful. Subsequent to January of 1964, a hearing was held to revoke the appellant's probation, which was done, and he was given a five (5) year sentence. His petition under Criminal Procedure Rule 1 was addressed to the fact that he was never put on probation, but was put on suspended sentence which, in effect, was illegal. See: Helton v. State, supra; Bateh v. State, supra; State v. Bateh, supra. We agree that the suspension of the sentence from day to day and term to term, was illegal.
The next question is the legality as to imposition and length of the subsequent sentence to five (5) years in the State Penitentiary. Pursuant to § 921.24, Fla. Stat., F.S.A., a court may correct an illegal sentence imposed by it in a criminal case. In the case of Helton v. State, supra, *252 the Supreme Court of Florida, speaking through Mr. Justice Roberts, said:
* * * * * *
"[3] The question then arises as to whether the trial judge had jurisdiction to revoke the order illegally suspending the imposition of sentence and to pronounce sentence upon the petitioner. While there is some conflict among the courts of other jurisdictions, we think the better view is that the court does not lose jurisdiction to impose a lawful sentence even though the term during which the defendant was convicted and the illegal order was entered has passed. * * *"
The power to alter the sentence in the instant case is governed by § 775.14, Fla. Stat., F.S.A., and is limited to five (5) years. See: State v. Bateh, supra. Thus, as the trial court corrected the sentence in the instant case in a little over three years after the imposition of the original sentence, the appellant is now serving a valid sentence. Because the extreme sentence that the appellant could have been given at the time of his original sentence was life, the trial court committed no error in sentencing the appellant to five (5) years, even though the expiration of the five (5) year sentence will be more than 5 years from his original adjudication of guilt. If the maximum sentence which could have been accorded the appellant had been five (5) years at the time of his adjudication, then the last day of any sentence validly imposed would have to expire at the end of the extreme period of any original sentence which he could have been given at the time of adjudication of guilt. See: Rodriguez v. State, Fla. 1960, 119 So.2d 681.
The appellant also contended, by his petition for relief under Criminal Procedure Rule No. 1, that he had a right to a jury trial on the revocation of his probation. No such right exists. See: Brill v. State, 159 Fla. 682, 32 So.2d 607; State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631; State ex rel. Roberts v. Cochran, Fla. 1962, 140 So.2d 597.
Therefore, the action of the trial court in denying the relief sought by the petition is affirmed.
Affirmed.
NOTES
[1] The maximum length of sentence in November, 1960, upon the crime of robbery, was life. See: § 813.011, Fla. Stat. (1959), F.S.A.
[2] It is noted that the present trial judge was not sitting on the court at the time this order was entered. See: 9 Fla.Jur., Criminal Law, § 231, p. 260; 24 C.J.S. Criminal Law § 1599, p. 622.