PER CURIAM.
The appellant was charged with a violation of the Florida Uniform Narcotics Drug Act, § 398.19 Fla.Stat. (1965), F.S.A. on March 16, 1959. Thereafter on March 25, 1959, he was adjudged guilty and sentence was suspended from day to day and term to term. The minutes of the court reflect that thereafter defendant was released in the custody of the probation officer. No further order reflecting the term or conditions of probation was entered.
The record reveals that on November 28, 1966, the appellant appeared before the court and pleaded guilty to a charge of violating his probation by leaving the State without permission. After a hearing, the court entered an order revoking probation and sentenced the appellant to five years in prison. This appeal followed.
The order of March 25, 1959, purporting to suspend sentence from day to day and term to term, was an illegal order. See Bateh v. State, Fla.App.1958, 101 So.2d 869; State v. Bateh, Fla.1959, 110 So.2d 7; Drayton v. State, Fla.App.1965, 177 So.2d 250; Hunter v. State, Fla.App.1967, 200 So.2d 577.
Since the court’s action at the time of the original sentence was illegal, the only question remaining is whether the appellant could have been legally sentenced on November 28, 1966. Section 775-14, Fla. Stat. (1965), F.S.A. limits the time for the correction of an illegal sentence to five years from the date of sentence. This time has now expired.
Although not necessary to a determination of the case, it should be pointed out that if the sentence of March 25, 1959, could be construed as an order placing appellant on probation, then the period for which probation could be ordered had expired by November 28, 1966. The maximum sentence that the appellant could have received at the time of his conviction was five years. Section 948.04, Fla.Stat. (1965), F.S.A. limits the period of probation to maximum sentence, plus two years.
Reversed with directions to discharge the defendant.