JOHNSON, Chief Judge.
This is an appeal from a sentence imposed by the Court of Record of Escambia County, Florida, rendered approximately fourteen months after adjudication' of guilty on a plea of guilty, sentences having been deferred by the court in open court “from day to day and term to term until further order of the court”.
The defendant was charged in a two-count information. The first count charged malicious destruction of property, and the second count charged inciting a riot.
The court sentenced the defendant to one year in County jail on the first count, giving him credit thereon for 45 days already served pending trial.
As to the second count, the court made some comment to the defendant about trying to get along at the County jail, and adding that if he couldn’t get along at “camp” or he gave “them any trouble out there”, he, the court, would impose sentence under second count to the state prison. The defendant served his first sentence at the county camp or jail, but on July 16, 1969, the defendant was brought back before the court and sentence imposed on the second count, to which defendant had plead guilty and on which the court had adjudged him guilty. The defendant was sentenced to three years af hard labor in the state prison.
The defendant, appellant in this cause, argues that he was denied due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution when he was sentenced from day to day and term to term and then sentenced to three years in the state penitentiary. The adjudication of guilty and the deferment of sentence was done on May 23, 1968. We do not agree with appellant’s contention in this respect, but we are bound, we feel, by the decision of this court as found in Bateh v. State, 101 So.2d 869 (Fla.App. 1st, 1958) as affirmed by our Supreme Court in State v. Bateh, 110 So.2d 7 (1959), wherein the court held that the delayed sentence was improper and the term of the sentence commenced to run, nunc pro tunc, as of the date of the original sentence.
The Third District Court of Appeal, in the case of Drayton v. State, 177 So.2d 250, held that the suspension of the sentence from day to day and term to term, was illegal, citing as authority the Bateh case, supra and Helton v. State, Fla., 106 So.2d 79. In the Drayton case, as in the Bateh case, it was held the trial court could correct an illegal sentence.[1] Section 775.14, Florida Statutes, F.S.A., places a limitation of 5 years within which to alter a sentence.
*330 In the case sub judice, the sentence complained of was illegal by reason of the day to day and term to term suspension, but was imposed within the 5 year limitation imposed by F.S. § 775.14, F.S.A., and therefore subject to correction. However, pursuant to the Bateh case, the sentence of three years imposed on July 16, 1969, must be corrected by the trial court to render the commencement of said sentence, nunc pro tunc, as of May 23, 1968, and the trial court does have the authority to correct the sentence imposed.
For these reasons, this cause is remanded to the trial court with directions to enter an appropriate order in conformance with this opinion.
Remanded with directions.
RAWLS and SPECTOR, JJ., concur.

. F.S. § 921.24, F.S.A.