On Petition for Rehearing
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 237 So.2d 328. The basis of this Court’s jurisdiction is conflict between the decision sought to be reviewed and Rodriguez v. State.[1]
Respondent, defendant below, was charged in a two-count Information with malicious destruction of property and inciting a riot. On May 23, 1968, he was adjudicated guilty on a plea of guilty and, on the same day, he was sentenced to serve one year in the county jail on the first count, with credit for 45 days already served pending trial. Sentence on the second count was deferred from day to day and term to term until further order of the court. On July 16, 1969, almost 14 months after he was adjudicated guilty, respondent was sentenced to serve 3 years in the State Prison under the second count of the Information.
On appeal, the District Court remanded the cause to the trial court with directions to correct the sentence so as to render its commencement nunc pro tunc as of May 23, 1968. The District Court, relying on Bateh v. State,[2] held:
“[Pjursuant to the Bateh case, the sentence of three years imposed on July 16, 1969, must be corrected by the trial court to render the commencement of said sentence, nunc pro tunc, -as of May 23, 1968, *849 and the trial court does have the authority to correct the sentence imposed.
“For these reasons, this cause is remanded to the trial court with directions to enter an appropriate order in conformance with this opinion.” (e.s.)
This Court originally denied certiorari but subsequently granted the petition for rehearing on the basis of conflict with Rodriguez v. State, supra, wherein this Court rejected a claim similar to that of defendant herein, stating :[3]
“ * * * We are convinced that no sentence was served under the earlier order for the simple reason that none had been imposed and we reject the theory evidently attempted to be developed that even though he was at liberty between 19 November 1956 and 1 June 1959, or 21 October 1959 at which time he says he actually began serving his sentence, he should have some sort of credit for the interim on the sentence eventually imposed.” (e.s.)
This Court in the Rodriguez case stated the following rule :[4]
“It was the gist of the decision ['Bateh v. State, supra] and such is the part of it now to be applied, that when a trial court puts off the imposition of sentence his actions with regard to it are confined to the period beginning with the judgment of guilt and ending with the last day of the extreme period for which sentence could have been inflicted at the time of the adjudication. In other words, the judge has the power to act within that time and impose a sentence which would not extend beyond it. As an illustration, if a crime were involved for which the defendant could be imprisoned for five years, the judge could sentence within the five years and fix the term of the sentence so that it would expire by the end of the five-year period.” (e.s.)
In the instant case, the trial court complied with the rule laid down by this Court in the Rodriguez case. The maximum penalty which could have been imposed under the second count of the Information, which charged inciting a riot contrary to Florida Statutes § 870.03, F.S.A., was five years’ imprisonment. Respondent was sentenced within five years after he was adjudicated guilty and the three-year sentence which was imposed, computed from the date of its imposition, will expire before the end of the five-year period.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to reinstate the judgment and sentence of the trial court.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, McCAIN, DEKLE and DREW (Retired) JJ., concur.

. 119 So.2d 681 (Fla.1960).

. 110 So.2d 7 (Fla.1959).

. 119 So.2d 681, 682 (Fla.1960).

. Ibid.