**Peter SIMMONS, J., Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Florida, Respondent-Appellee.**

No. 71–1452

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1971.

Peter Simmons, Jr., pro se.

Earl Faircloth, former Atty. Gen. of Fla., Tallahassee, Fla., Warren H. Petersen, Asst. Atty. Gen., Lakeland, Fla., Robert L. Shevin, Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

---

* [1] Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Peter Simmons, Jr., a Florida state prisoner, appeals from the district court's denial of his petition for writ of habeas corpus. We affirm.

On March 1, 1950, the Circuit Court of Polk County, Florida, sentenced Simmons to a prison term of 20 years on his plea of guilty of manslaughter. In 1967, Simmons succeeded in having this sentence vacated on the ground that he was not represented by counsel at the 1950 sentencing. After vacating the sentence, the state court resentenced Simmons to 20 years in prison, with credit for time already served.

■ The district court was correct in rejecting Simmons' contention that his resentencing was invalid as a withheld sentence under Section 775.14 of the Florida Statutes, F.S.A. See Bateh v. State, 101 So.2d 869 (Fla.App.1958); Helton v. State, 106 So.2d 79 (Fla. 1958); Rodriguez v. State, 119 So.2d 681 (Fla.1960); Drayton v. State, 177 So.2d 250 (Fla.App.1965); Helton v. Mayo, 153 Fla. 616, 15 So.2d 416 (1943).

■ As to all other grounds set forth in the petition, the district court correctly denied relief because it does not appear that these contentions have all been presented to the state courts. Rules of comity dictate that the federal court not consider Simmons' additional grounds, i. e., that the Florida courts improperly computed his sentence, that he was denied the right to appeal, that his trial counsel was inadequate, and that his guilty plea was involuntary, until he has exhausted his state remedies as to all of these issues. 28 U.S.C. § 2254; Garrett v. State of Texas, 435 F. 2d 709 (5th Cir. 1970); Harrison v. Wainwright, 424 F.2d 633 (5th Cir. 1970); Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969).

Simmons has filed an additional paper with this court requesting that he be permitted to file in the state court a motion under Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., based on newly discovered evidence. Our affirmance of the denial of the petition for writ of habeas corpus in federal court presents no impediment to his pursuing such further state remedies as he may be advised.

Affirmed.