Simon **JOHNSON**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71-2048

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 28, 1971.

---

* ■ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of
New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**386**

Simon Johnson, pro se.

Earl Faircloth, former Atty. Gen. of Fla., P. A. Pacyna, Asst. Atty. Gen., Lakeland, Fla., Robert L. Shevin, Atty. Gen., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Simon Johnson's petition for writ of habeas corpus was denied without prejudice on the ground that he had not exhausted his available state remedies in the Florida courts. Inasmuch as it appears that no Florida court has ruled on his claim that he was denied a right to appeal, we affirm the denial of the petition, even though he has exhausted his state remedies as to the other grounds stated therein.

In addition to the claim that he had been denied a right to appeal, Johnson's petition contained the following allegations: (1) he was interrogated without the presence of counsel; (2) he was held incommunicado and denied counsel of his choice; (3) his court-appointed counsel was ineffective; (4) the verdict was contrary to the evidence; and (5) the prosecution made knowing use of perjured testimony.

These five allegations have all been ruled upon by the state courts in a motion to vacate sentence under Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A. That motion was denied by the sentencing court, and the denial was affirmed on appeal. Johnson v. State, 244 So.2d 779 (Fla.App.1971).

Johnson tried to present his claim that he was denied a direct appeal in a petition for writ of habeas corpus filed in the Florida Supreme Court. That petition was dismissed, without prejudice, because under Florida law the question of denial of the right to appeal must be raised by a habeas corpus petition in the district court of appeal for the district in which the prisoner was tried and sentenced. Baggett v. Wainwright, 229 So. 2d 239 (Fla.1969). Johnson has not yet presented this question to the appropriate Florida district court of appeal. A favorable ruling would allow him an out of time appeal in which he could possibly make a broader attack on his conviction than available to him under habeas corpus procedure.

Rules of comity dictate that federal courts not consider a petition for writ of habeas corpus until the state has had an opportunity to rule on all the issues raised therein. Simmons v. Wainwright, 5th Cir. 1971, 450 F.2d 921; Garrett v. State of Texas, 435 F.2d 709 (5th Cir. 1970); Harrison v. Wainwright, 424 F.2d 633 (5th Cir. 1970); Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969).

Affirmed.