**Oather James MANNINGS, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Respondent-Appellee.**

No. 72–1689

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1972.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Oather James Mannings, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., William W. Herring, West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Oather James Mannings appeals from the judgment of the district court dismissing his petition for a writ of habeas corpus in connection with his 1970 conviction of robbery in the Florida state courts. The district court *sua sponte* noted that Mannings had failed to utilize the provisions of Florida Criminal Procedure Rule 1.850, 33 F.S.A., to secure post conviction relief and dismissed the petition for failure to exhaust available state remedies. Because of the particular circumstances in this case and the nature of the relief which Mannings seeks we conclude the district court erred in finding that Mannings has failed to exhaust his available state remedies. We therefore vacate the judgment and remand the cause for further proceedings.

In his petition Mannings alleges that he was convicted in a bench trial and sentenced to 15 years imprisonment. He claims that no direct appeal was taken from his conviction despite his request to his court appointed counsel to appeal his case. After the time for appeal had expired Mannings filed a petition for a writ of habeas corpus in the Florida Court of Appeals seeking an out-of-time appeal. The petition was denied without opinion. Mannings v. Wainwright, 250 So.2d 668 (Fla.App.1971). Mannings thereafter filed this action in the district court. In his petition Mannings raised grounds for relief other than the thwarted state appeal,[1] but asserted that he wished to present those additional grounds to the Florida courts on direct appeal.

In its brief before this court the State of Florida notes that it did not have an opportunity to respond to the petition in the district court. However, the State acknowledges that Mannings' petition for habeas corpus in the Florida Court of Appeals is the only proper remedy available in the state courts for the deprivation of the right to appeal. The State submits that this cause should be

---

1. Mannings additionally alleges:

   " . . .

   (b) The State of Florida did not afford me adequate and competent representation of counsel at the trial that resulted in my conviction and sentence.

   (c) I was denied compulsory process for obtaining witnesses in my favor at my trial."

remanded for further proceedings. We agree.

Although the petition indicates grounds for relief which have not yet been presented in any form to the Florida Courts, the petition does state those grounds "have not been raised because I wish to present them on appeal." The petition may therefore be reasonably construed as limited to the thwarted appeal. In these circumstances to frustrate Mannings' effort to secure the fullest possible review of his claims by the state courts because of our policy to give the state courts the first opportunity to review his claims would be to stand the rule of comity on its head. *See* Johnson v. Wainwright, 453 F.2d 385 (5th Cir. 1971). The judgment of the district court is vacated and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Vacated and remanded.