430 So.2d 537 (1983)
Kenneth A. SHIEDER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-310.
District Court of Appeal of Florida, Fifth District.
April 27, 1983.
James B. Gibson, Public Defender, and Edwin D. Davis, II, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
We affirm appellant's convictions of simple assault under Count I, burglary of a dwelling under Count II and battery under Count III and his sentence as to Count II. At the sentencing hearing the trial court sentenced appellant to 15 years on Count II, burglary of a dwelling, but stated that a sentence on the assault and the battery was *538 being withheld.[1] However, the written sentences entered by the trial court not only sentenced appellant to 15 years confinement as to Count II, burglary of a dwelling, but also sentenced appellant to a concurrent 15 years imprisonment on Count I, the assault, and to a concurrent 15 years imprisonment on Count III, the battery.
The assault conviction under Count I is a misdemeanor of the second degree (§ 784.011(2), Fla. Stat. (1981)) punishable under § 775.082(4)(b), Fla. Stat. (1981) by imprisonment not exceeding 60 days and under § 775.083(1)(e), Fla. Stat. (1981) by a fine not exceeding $500. The battery conviction under Count III is a misdemeanor of the first degree (§ 784.03(2), Fla. Stat. (1981)) punishable under § 775.082(4)(a), Fla. Stat. (1981) by imprisonment not exceeding one year and under § 775.083(1)(d), Fla. Stat. (1981) by a fine not exceeding $1,000. Therefore the written sentences as to Counts I and III are not only contrary to the trial court's pronouncement in open court but exceed the maximum punishment allowable by law for those offenses and, being fundamental sentencing errors, are reversed and the cause is remanded for resentencing on those two counts.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] In 1958 and 1959 it was held that the practice of withholding or suspending sentencing contravened section 948.01(4), Florida Statutes (1941), and was "improper" and "illegal." Helton v. State, 106 So.2d 79 (Fla. 1958); Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958), cert. discharged, 110 So.2d 7 (Fla. 1959) cert. den., 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959). However that practice while it has receded, continues to date. The practice of withholding sentencing also now appears to violate the legislative direction of Section 775.021(4), Florida Statutes, which became effective October 1, 1976. It has been held that although suspended and withheld sentences are illegal as case dispositions, the trial court, with limitations, retains jurisdiction to impose a lawful sentence. A lawful sentence, when imposed, may not exceed the period of maximum punishment computed from the date guilt was adjudicated. Smith v. State, 259 So.2d 498 (Fla. 1st DCA 1972); Stallworth v. State, 237 So.2d 328 (Fla. 1st DCA 1970), quashed, 251 So.2d 847 (Fla. 1970); Coleman v. State, 205 So.2d 5 (Fla. 3d DCA 1967); Hunter v. State, 200 So.2d 577 (Fla. 3d DCA 1967) cert. dismd., 204 So.2d 212 (Fla. 1967); Drayton v. State, 177 So.2d 250 (Fla. 3d DCA 1965) cert. dismd., 181 So.2d 348 (Fla. 1966). Section 775.14, Florida Statutes (1981), also provides that action to alter a withheld sentence must be taken within five years. See also Clark, Probation in the Criminal Courts of Florida, 14 U.Fla.L.Rev. 213, 218 (1961).