455 So.2d 656 (1984)
Harvey NMN PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1247.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
*657 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty.Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Phillips appeals from a judgment and sentence for aggravated battery, aggravated assault and disorderly conduct. Immediately after imposing the sentences, the trial court suspended their execution and released Phillips under certain conditions. Later, the court found that Phillips violated these conditions, revoked the suspension and committed him to the Department of Corrections. On this appeal, Phillips seeks vacation of the sentences on the basis that the trial court did not have the authority to revoke suspension of the sentences it previously imposed.
The record reflects that in May, 1983, the trial court accepted Phillips' plea of nolo contendere to all the charges and adjudicated him guilty. The court later sentenced him to concurrent five-year sentences on the two felony charges and sixty days concurrent time for disorderly conduct. The court then instructed Phillips that it would conditionally suspend the sentences provided Phillips did not violate the law, use no alcohol, undergo alcohol treatment and counseling and initiate no further contact with his wife. Although Phillips was fingerprinted, the trial court did not enter a written order of judgment and sentence at that time, nor did the court relinquish jurisdiction over Phillips to the Department of Corrections or the Department of Probation.
In August, 1983, the trial court found that Phillips violated the conditions of the suspended sentence. The court later revoked the suspension of the sentence it had previously imposed on Phillips. The court then entered a written order of judgment and sentence from which Phillips appeals.
We agree with Phillips that the trial court's initial disposition of this case was error. A trial court may not, as it did here, impose a sentence on a defendant, suspend execution of that sentence, and release the defendant on conditions, without formally placing him on probation under the supervision of the Department of Corrections, the Salvation Army or some other public or private entity. § 948.01(5), Fla. Stat. (1981). This sentencing vagary is parallel to that where a trial court adjudicates a defendant guilty, but rather than imposing a sentence it reserves jurisdiction over the discharged defendant for purposes of imposing a sentence at a later date when the trial court deems it advisable. A trial judge does not have the authority to either withhold or suspend a sentence indefinitely *658 without placing the defendant on probation. State v. Bateh, 110 So.2d 7 (Fla. 1959), cert. denied, Bateh v. Florida, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69 (1959); Helton v. State, 106 So.2d 79 (Fla. 1958). See also Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983), n. 1. After a court adjudicates a defendant guilty of a criminal offense, it must either sentence the convict or place him on probation. Bateh.
However, we disagree that the court was constrained to vacate the sentences as Phillips contends. Florida Rule of Criminal Procedure 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it." It is true that when the trial court revoked suspension of Phillips' sentence in August, it did so because Phillips had violated the conditions of release which the trial court had imposed on him. Nonetheless, the trial court's revocation of the suspension of sentence had the effect of correcting an illegal sentence it had previously imposed.
The decisional law in Florida supports the proposition that a trial court does not lose jurisdiction to impose a lawful sentence after it imposes an unlawful one. In State v. Bateh, the trial court adjudicated the defendant guilty but neither sentenced the defendant nor placed him on probation. Instead the court reserved jurisdiction over him for the purpose of imposing a sentence at a later date if the court deemed it advisable. The Florida Supreme Court expressly disapproved of such a practice but did not authorize, or even consider, imposing no sentence at all. After a trial court has delayed sentencing, as it did in Bateh, the court is limited in imposing a sentence only in that
[T]he power to sentence must be exercised before the lapse of the extreme period for which sentence could have been imposed, and when it is inflicted the term cannot be projected beyond the extreme period.
110 So.2d at 10. While the court disapproved of the lower tribunal's failure to sentence a defendant after adjudicating him guilty, the court did not hold, or even intimate, that a trial court has no power to bring a defendant back into court to impose a sentence.
In Helton v. State, the trial court's order withholding imposition of sentence was illegal for the same reason as the order suspending Phillips' sentence in the present case; they both violated section 948.01(4), Florida Statutes. One of the questions the supreme court resolved in Helton was "whether the trial judge had jurisdiction to revoke the order illegally suspending the imposition of sentence and to pronounce sentence upon the petitioner." 106 So.2d at 80. Noting a conflict of opinion in other jurisdictions, the court adopted the position "that the court does not lose jurisdiction to impose a lawful sentence even though the term during which the defendant was convicted and the illegal order was entered has passed." 106 So.2d at 80. See also Shieder v. State.
AFFIRMED.
SHARP and COWART, JJ., concur.