## WHITING v STATE OF FLORIDA
### Case No. 89-75AC (Lower Court Case No. 88-27688MM10)
Seventeenth Judicial Circuit, Broward County
April 8, 1991

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

Appellant, Austin Whiting, contests the propriety of his conviction in County Court for resisting arrest without violence, in violation of F.S. 843.02.

His arrest and conviction was a result of an incident which began at approximately 7:20 A.M. on November 5, 1988. While traveling south on Interstate Highway 95, behind a truck being operated by the Appellant, Deputy Wolf observed the truck's license tag to be covered by mud rendering it incapable of being read.

Along with the observation of the condition of the license tag,

**53**

Deputy Wolf noted the occupants of the vehicle to be yelling at him. Because his vision was obscured by the rising sun, Deputy Wolf maneuvered his vehicle to the opposite side of the Appellant's vehicle where he again noted the occupants to be yelling at him. Concerned for the safety of the occupants of the Appellant's truck, Deputy Wolf effected a traffic stop.

After Appellant and Deputy Wolf were parked on the shoulder of I-95, Appellant, with a tape recorder in hand and his companions approached Deputy Wolf's vehicle. Rather than respond to Deputy Wolf's questions concerning the nature of Appellant's problem, Appellant began to question Deputy Wolf as to why Deputy Wolf was exceeding the speed limit. A discussion followed concerning the speed of the two vehicles and the calibration of the speedometer in Deputy Wolf's marked unit. During the course of the foregoing discussion, Appellant's companions re-entered the truck and drove off, leaving Appellant on the roadside with Deputy Wolf.

At this point, and on several other occasions, Deputy Wolf asked Appellant to produce his license. Appellant refused to produce his license, asserting the act of doing so would constitute a violation of his constitutional rights. Upon those same grounds, Appellant declined to furnish any identification to Deputy Wolf. Appellant then proceeded informing Deputy Wolf as to what a police officer could or could not do under the circumstances then existing. In spite of Deputy Wolf's advice concerning the consequences of such conduct, Appellant continued to refuse to produce his driver's license. Ultimately, Deputy Wolf arrested Appellant for Disorderly Conduct, not having a driver's license in his possession and resisting arrest without violence.

On June 5, 1989, the Defendant was brought to trial upon charges of disorderly conduct and resisting arrest without violence. The Trial Court acquitted the Defendant of the disorderly conduct charge but found him guilty upon the resisting arrest without violence charge. The Court adjudicated the Defendant guilty and assessed a Three Hundred Fifty Dollar ($350.00) fine along with cost.

On October 2, 1989, the Trial Court vacated the sentence entering a modified sentence; "That sentence be withheld from day to day and term to term until further order of the Court plus $330 Assessment and Victim Cost $20, $350.00 deferred to 12/22/89. . ." Adjudication was also withheld with the modified sentence.

The Defendant on July 5, 1989, filed a Motion for Reconsideration of his sentence, which the Court denied on October 2, 1989. The Defendant then on October 17th, filed a Notice of Appeal.

On December 4, 1989, this Court entered an order dismissing the Defendant's appeal on the grounds of lack of prosecution. The Court reversed itself on January 10, 1990, vacating the previous order dismissing the appeal, until February 9, 1990, at 5:00 P.M. allowing Appellant time to comply with the appellate rules.

On January 25, the Defendant filed an Amended Notice of Appeal along with a Motion for Reconsideration. The Motion for Reconsideration was directed to a court order of January 9th, denying Appellant's Motion to Stay Execution Of Sentence. This Court on January 31st, entered an order granting Defendant's Motion for Reconsideration and ordered a stay of the payment of the fine pending resolution of appeal.

The Defendant after being granted an extension of time within which to file his Initial Brief, did file his Brief on October 3, 1990.

This Court granted an extension of time within which the State could file its Answer Brief. Instead of an Answer Brief, the State filed a Motion to Dismiss the appeal, asserting as grounds therefore, "[t]he Defendant was not adjudicated, nor did the Defendant receive probation as a sentence. . ." as required by F.R.App.P. 9.140(b). This Court denied the motion and the State filed its Answer Brief.

This Court from the outset will acknowledge it does not have jurisdiction to hear this cause as a matter of appeal. Fla.R.App.P. 9.140(b)(2), requires the Appellant file a Notice of Appeal with the clerk not later than 30 days following the entry of the order imposing sentence.

The Appellant was sentenced on June 5, 1989. He filed his Notice of Appeal on October 17, 1989, well beyond the 30 days required by the rule thus taking the case out of the appellate jurisdiction of this Court.

However, the record indicates some impropriety in the Appellant's sentence and this Court would be remiss if it discharged the appeal without addressing the merits of Appellant's convictions as well as failing to review the legality of the sentence imposed. As such, this Court will consider this matter as a Writ of Certiorari on the issue of whether the Trial Judge departed from the essential requirements of law in view of the sentence handed down in this case.

Deputy Wolf's stop of the Appellant's vehicle was proper under the circumstances. F.S. 316.605(1) requires every motor vehicle to have attached to its rear a license plate "[w]ith all letters, numerals, printing, writing, and other identification marks upon the plates clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all

**55**

times 100 feet from the rear. . ." Deputy Wolf gave the obscured nature of the license tag, coupled with the actions of the occupants of the vehicle, as the primary reasons for making the traffic stop.

Florida Statute 322.151(1) requires every driver of a motor vehicle have a valid operator's or chauffeur's license in the driver's possession when operating a motor vehicle. The statute also requires the production of the license upon demand of a law enforcement officer. Deputy Wolf, on several occasions, requested Appellant's driver's license. Appellant responded by attempting to engage Deputy Wolf in an unnecessary discussion of constitutional law. Having been lawfully stopped by Deputy Wolf, the request for the Appellant to display his driver's license was proper. Appellant violated the law when he refused to comply with Officer Wolf's request to produce his license. The arrest of Appellant was lawful.

Florida Statute 843.02 makes it illegal to "[r]esist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer. . ." Appellant's adamant refusal to display his license established a lawful basis for his arrest by Deputy Wolf. Under the circumstances of this case, Appellant's refusal to furnish his identification constituted a violation of F.S. 843.02 in the sense it obstructed the orderly processing of paper work the officer was required to complete. See, *Rumph v State,* 544 So.2d 1150 (Fla. 5th DCA 1989).

Regarding the Appellant's sentence. When an accused is found guilty of an offense, the trial court is limited in its options. While imposition of the sentence may be deferred for a time certain[1], an indefinite suspension, as was done by the trial court in this case, is not permitted. The trial court by deferring the imposition of sentence "from day to day and term to term", deprived the Defendant of due process by such indefiniteness. See, *Bateh v State,* 101 So.2d 869 (Fla. 1st DCA 1958) cert. dis. 110 So.2d 7 (Fla. 1959) cert. den. 80 S.Ct. 74.

The Florida Supreme Court, in *Poore v State,* 531 So.2d 161, 164 (Fla. 1988), delineated the five basic sentencing alternatives available in this State:

1. a period of confinement;

---

[1] *Drayton v State,* 177 So.2d 250 (Fla. 3d DCA 1965); *Coleman v State,* 205 So.2d 5 (Fla. 3d DCA 1967).

2. a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion;

3. a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation;

4. a Villery[2] sentence, consisting of a period of probation preceded by a period of confinement imposed as a special condition; and

5. straight probation. Neither the sentence originally imposed nor the modified sentence fit into any of the categories described above.

Additionally, F.R.Cr.P. 3.670, requires if the defendant is found guilty, the judge shall render a judgment of guilty. "However, the judge may withhold adjudication of guilt *if* he places the defendant on probation." The trial court in the modified sentence withheld adjudication but failed to place the defendant on probation as required by the rule.

This Court finds the conviction of Appellant to be proper in all respects but neither the original nor the modified sentences were permissible in law. All other points raised by Appellant have been considered and found to be without merit.

Accordingly, Appellant's conviction of resisting an officer without violence, in contravention of F.S. 843.02, is affirmed but the sentence is reversed. This cause is remanded to the Court below for resentencing in a manner consistent with this opinion.

AFFIRMED IN PART AND REVERSED IN PART.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida 33301, this 8th day of April, 1991.

---

[2] *Villery v Florida Parole & Probation Comm'n.,* 396 So.2d 1107 (Fla. 1981).