PADOVANO, Judge.
The state appeals the sentence imposed by the trial court on the ground that it is not authorized by the applicable sentencing statute, and on the additional ground that it amounts to an unsupported departure from the range of sentences permitted under the sentencing guidelines. We agree that the sentence was not authorized by statute and because we must reverse on that ground, we find it unnecessary to address the departure issue.
Mark Edward Morrow, the defendant, entered a plea of nolo contendere to the charges of aggravated battery, resisting arrest without violence, and battery on a law enforcement officer. He tendered this plea after the trial court had announced, over the state’s objection, that the sentence would be suspended. The court accepted the plea and imposed a sentence of 30.7 months in the Department of Corrections, suspending the entire term and placing the defendant on unsupervised probation. As a condition of probation, the defendant was ordered to refrain from committing further acts of violence on his wife, the victim of the aggravated battery.
Section 948.01(7), Florida Statutes, provides that “[i]n no case shall the imposition of sentence be suspended and the defendant placed on probation or into community control unless such defendant is placed under the custody of the department or another public or private entity.” See also Helton v. State, 106 So.2d 79 (Fla.1958); Bateh, v. State, 101 So.2d 869 (Fla. 1st DCA 1958); Phillips v. State, 455 So.2d 656 (Fla. 5th DCA 1984). Based on these authorities we conclude that the trial court erred by failing to place the defendant under the supervision of the Department of Corrections or a similar entity.
Consequently, we remand this case for further proceedings in the trial court. Because the defendant entered his plea of nolo contendere with the understanding that *392 he would receive the suspended sentence imposed by the court, the defendant must be given the opportunity to withdraw his plea. See State v. Honiker, 675 So.2d 681 (Fla. 2d DCA 1996). The trial court may impose any lawful sentence on remand if the defendant is found guilty at trial or if the defendant enters a plea of guilty or nolo contendere.
Reversed.
MINER and LAWRENCE, JJ., concur.