ALTENBERND, Judge.
The State of Florida appeals the trial court’s order withholding adjudication and placing the defendant, Steven Luxenburg, on a seven-day term of “court-supervised” probation. Because court-supervised probation is not a sanction recognized under Florida law, we reverse the order withholding adjudication and remand for further proceedings.
On May 29, 2008, Mr. Luxenburg appeared before the court for trial. At that time, the trial judge was presiding over an unrelated trial that had begun the previous day and which was expected to continue for at least another day. Mr. Luxenburg’s Criminal Punishment Code scoresheet provided for any nonstate prison sanction, but Mr. Luxenburg was not amenable to the State’s offer of a withhold of adjudication, probation, and court costs. At the court’s suggestion, Mr. Luxenburg entered an open plea of no contest to his two charges. The court, over the State’s objection, then placed Mr. Luxenburg on a seven-day term of “court-supervised” probation, which was to terminate once Mr. Luxen-burg paid his court costs.
Probation is a sanction authorized upon a court’s entry of an adjudication of guilt or a withhold of adjudication. See § 948.01(2), Fla. Stat. (2007). Section 948.001(5) defines probation as “a form of community supervision requiring specified contacts with parole and probation officers and other terms and conditions as provided in s. 948.03.” Section 948.01(1) explains that “[i]f the court places the defendant on probation or into community control for a felony, the department shall provide immediate supervision by an officer employed in compliance with the minimum qualifications for officers.” Nothing within chapter 948, which governs probation and community control, allows a judge to personally supervise probationers.
In Phillips v. State, 455 So.2d 656, 657 (Fla. 5th DCA 1984), the court addressed a somewhat analogous disposition. There, the trial court imposed prison sentences but suspended execution of the sentences and released the defendant onto various court-imposed conditions. The Fifth District reversed, explaining that the court “may not ... release the defendant on conditions, without formally placing him on probation under the supervision of the Department of Corrections.” Id.
*139 Thus, the disposition Mr. Luxen-burg received was not lawful. The State raised a timely objection below and may properly challenge this illegal disposition on direct appeal. Forshee v. State, 579 So.2d 388, 389 (Fla. 2d DCA 1991) (reversing illegal sentence on direct appeal). We accordingly reverse the order withholding adjudication. On remand, the parties may agree to any disposition authorized by the Florida Statutes, but “the state ... is not bound to accept a sentence [for which] it did not bargain.” Id.; see also Tucker v. State, 864 So.2d 580, 581 n. 1 (Fla. 2d DCA 2004).
Reversed and remanded.
DAVIS and WALLACE, JJ., Concur.