347 So.2d 730 (1977)
Leslie SLAY, Appellant,
v.
STATE of Florida, Appellee.
No. BB-481.
District Court of Appeal of Florida, First District.
June 17, 1977.
James Ron Shelley, Public Defender, Jon W. Searcy and Lewis R. Lindsey, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Slay was charged by a two-count information with aggravated assault and sexual battery.[1]
The record clearly reveals that Slay withdrew his plea of not guilty and pled nolo contendere to the aggravated assault count pursuant to a plea arrangement whereby he was to be placed on probation. The trial court accepted the terms of the plea arrangement, cautioned Slay on the consequences of probation violations, and then announced that sentencing would be set for a later date. Slay, who was then in jail for contempt of a child support decree, was released on his own recognizance with the trial court's admonition that he would be returned to jail if he failed to support his children.
Eleven months later, Slay went before the trial court for sentencing. After discussing Slay's alleged drinking problems and his continuing failure to support his children, the trial court, without affirmatively offering Slay an opportunity to withdraw his plea of nolo contendere, adjudged him guilty of aggravated assault and sentenced him to 30 months imprisonment.[2]
*731 Slay argues that the 11-month delay between his plea and the imposition of sentence constituted a denial of due process, and that the trial court erred in failing to affirmatively offer him an opportunity to withdraw his negotiated plea prior to the imposition of sentence. We agree and reverse.
When a defendant is adjudged guilty of a criminal offense, the trial court should either sentence him or place him on probation.[3] However, when the trial court elects to suspend imposition of sentence upon a defendant, it must place him on probation under the supervision and control of the Florida Department of Offender Rehabilitation.[4] Thus, it was error for the trial court to suspend imposition of sentence for a period of eleven months without placing Slay on probation pursuant to Chapter 948, Florida Statutes.
Slay's plea of nolo contendere to aggravated assault was pursuant to a plea bargain whereby the state recommended that he be placed on probation. This agreement was concurred in by the trial court. Having later reached the contrary determination that incarceration was appropriate, the trial court should have affirmatively offered Slay an opportunity to withdraw his plea prior to the imposition of sentence.[5]
Reversed and remanded with directions that either the trial court impose probation in accordance with the plea bargain or vacate the judgment and offer appellant an opportunity to withdraw his nolo contendere plea.
SMITH and ERVIN, JJ., concur.
NOTES
[1] The sexual battery count was later nolle prossed.
[2] In announcing sentence, the trial court stated: "... [A]lthough he was not on a supervised probation under sentence of probation, he was definitely in a probationary status as far as the court is concerned." The trial court went on to say: "... [I]t would be the court's position that he was out on a probationary status and that he has definitely violated that."
[3] There may be justifiable delay in either sentencing or placing a convicted individual on probation for procedural reasons such as the determination of motions and other matters arising between verdict and judgment, or for the purpose of gaining information necessary to the imposition of a just sentence, or during the pendency of other charges, or for other good and valid reasons. Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958), cert. disch. 110 So.2d 7 (Fla. 1959). See also Helton v. State, 106 So.2d 79 (Fla. 1958).
[4] Sec. 948.01(5), Fla. Stat. (1975), provides:

"(5) In no case shall the imposition of sentence be suspended and the defendant thereupon placed on probation unless such defendant be placed under the custody of said [department]."
[5] Fla.R.Crim.P. 3.171(c); Thomas v. State, 327 So.2d 63 (Fla. 1st DCA 1976); and Adams v. State, 328 So.2d 48 (Fla. 1st DCA 1976).