ANSTEAD, Judge.
This is the second appearance of this case in this court, the first resulting in the af-firmance of the conviction of the appellant, F. Malcolm Cunningham, a lawyer, for indirect criminal contempt.[1] This is an appeal from the sentence imposed for that conviction.
On May 5, 1975, Cunningham was tried and found guilty by the court without a jury. The trial court deferred pronouncement of sentence and ordered a presentence investigation. A written judgment of conviction was entered on May 8, and a motion for rehearing was denied on May 20, 1975. Thereafter, Cunningham appealed the conviction.
The trial court acknowledged receipt of the presentence investigation on September 20, 1975, although the record reflects that the confidential portion of the report was not mailed to the court until November 20, 1975. On June 18,1976, this court affirmed the conviction. Sentencing was scheduled for September 29, 1976, at which time a sentence was imposed of 90 days in jail and a fine of $1,000.00. Between the time of his conviction and the sentencing hearing, Cunningham remained free on his own recognizance.
Cunningham now claims that the trial court lost jurisdiction to sentence him after conviction, upon the expiration of the maximum period, one day less than six months,[2] that he could have been sentenced for criminal contempt. To support this position he relies on three Florida Supreme Court decisions.[3]
In all three cases relied on the trial courts had deferred sentencing “from day to day and term to term” and then imposed sentence much later. An excerpt from one [4] of the opinions sets out the Supreme Court ruling:
It is plain, then, from the language in Helton v. State, supra, that the power of trial judges to hold in abeyance the passage of sentences and to impose them any time in the future, regardless of probation, is disapproved. For procedural reasons such as the determination of “motions and other matters arising between verdict and judgment, [or for the purpose *705 of] gaining information necessary to the imposition of a just sentence, or during the pendency of other charges, or for other good and valid reasons,” to quote from Bateh v. State, supra, the language copied in Helton v. State, supra, there may be justifiable delay, and when convicts are put on probation the sentences, of course, may be deferred conditioned on obedience to the terms of probation. But it was plainly the view of the district court, and it is now the view of this court, that one convicted of an offense is entitled to know just when in his life, he meanwhile being at liberty, he is no longer subject to the power of the court to translate his liberty to imprisonment. It will be recalled that in the Helton case the convict was brought into court and sentenced after being at large for 12 years.
In each of the three cases the court pointed out the restrictions involved if a court did postpone sentencing to an indefinite time in the future:
. when a trial court puts off the imposition of sentence his actions with regard to it are confined to the period beginning with the judgment of guilt and ending with the last day of the extreme period for which sentence could have been inflicted at the time of the adjudication. In other words, the judge has the power to act within that time and impose a sentence which would not extend beyond it.[5]
It is upon this statement of restrictions that Cunningham predicates his claim here. He first claims that upon a literal application of this rule, the trial court lost jurisdiction to sentence him six months after adjudication since the maximum sentence was one day short of six months. Secondly, he claims that even if the rule is not applied literally and there was a justifiable delay in imposing sentence, the delay could not extend past a reasonable time after the pre-sentence investigation was completed.
We believe the rule set out in the cases cited was intended to discourage and limit the practice of postponing sentencing “from day to day and term to term” but was not intended to prohibit a justifiable delay in sentencing.[6] We are further of the view that any sentence within the lawful maximum may be imposed after a period of justifiable delay and that the lawful maximum is not to be reduced by any period of justifiable delay prior to sentencing. Therefore, we reject the first argument advanced that jurisdiction to sentence automatically expired six months after adjudication of guilt.
Cunningham’s second argument presents a more difficult question. While recognizing that justifiable delay to secure a presen-tence investigation is rather clear, we must face the question of whether there are circumstances to justify the additional delay from November 1975 to September 1976.
In an order denying bail pending the present appeal[7] the trial court set out his reasons for delaying sentencing:
This court did not, as it customarily does, proceed to immediately impose sentence following the judgment because (1) a pre-sentence investigation was ordered (it. was received 20 September, 1975); (2) the undersigned endeavored long (October 1, 1975, through June 30, 1976) but unsuccessfully to have The Florida Bar take over the matter and conclude it as a disciplinary matter under Article XI of the Integration Rule; (3) the judgment was appealed and because of the nature of the cause and the defendant’s professional status it was reasonable (for the undersigned and for the appellate court) to assume that any sentence imposed during the period of appeal would have only resulted in forcing the defendant to seek supersedeas, as he is doing now; (4) the appellate opinion affirming the judgment of conviction is dated June 18, 1976, and the appellate denial of the defendant’s *706 Petition for Rehearing July 22, 1976; the undersigned is informed that certiorari to the Florida Supreme Court was taken, from the Fourth District Court’s decision and as of now the mandate has not come down to the trial court from the Fourth District Court. There is no good faith question of law about the defendant’s guilt because that matter has been decided and affirmed on appeal.
In addition to the delay for the presen-tence investigation the trial court , cites two other reasons for the delay: continuing efforts to have the Florida Bar take over the punishment of Cunningham; and the pending appeal of Cunningham’s conviction.
The trial court requested that the Florida Bar take over the responsibility for the punishment of Cunningham on the grounds that the Bar would be in a better position, by way of experience, to determine an appropriate punishment for a lawyer. The Bar rejected these requests, properly citing the different jurisdictions and responsibilities involved. Bar disciplinary proceedings and judicial proceedings cannot be merged. And despite the good intentions of the trial court, we do not believe his negotiations with the Florida Bar constituted justifiable delay.
As to the appeal, the trial court stated that the appellate affirmance of Cunningham’s conviction eliminated any “good faith question of law about the defendant’s guilt”; and further, that sentencing during appeal would have “resulted in forcing the defendant to seek supersedeas” anyway.
As was noted previously, Cunningham immediately appealed his conviction of criminal contempt. A defendant may appeal from a conviction or from a sentence after conviction, or both, as is illustrated by this ’case. It is not necessary to appeal the order of conviction to later have it reviewed upon appeal after sentencing.[8] While the trial court is generally divested of jurisdiction on appeal for most purposes, we do not believe jurisdiction is divested for purposes of. sentencing by virtue of an appeal of the conviction. Neither party herein has claimed the trial court was divested of authority to sentence by virtue of the appeal from the conviction.
However, we are without preceden-tial authority on the issue of whether the pendency of an appeal may constitute justifiable delay. The underlying principle involved here is that “one convicted of an offense is entitled to know just when in his life, he meanwhile being at liberty, he is no longer subject to the power of the court to translate his liberty to imprisonment.”[9] Any delay which violates this principle cannot be “justifiable delay.”
It is difficult for us to see a violation of this principle under the circumstances here. Cunningham himself made the decision to appeal from the adjudication, rather than wait for sentencing and then appeal both the judgment and sentence. During the appeal he remained free on his own recognizance. And while we do not know that he would have sought bail pending appeal, or chosen to serve any sentence imposed, the record does not reflect any effort by him to have sentence imposed during appeal. In short, Cunningham has shown no prejudice by the delay. Nor was he faced with not knowing just when in his life sentence would be imposed. By his appeal he rightfully made every reasonable effort to overturn his conviction and to avoid the imposition of sentence. But he could not be deemed to have been unaware that he would be sentenced if his appellate efforts were unsuccessful.
While we are not faced with a situation where sentence was imposed and the execution thereof delayed, the rule in those cases is helpful:
The general rule, as we understand it, is that there is no statute of limitations or estoppel against the enforcement of an otherwise valid and unsatisfied judgment imposing a sentence, nor can the delay in execution on such judgment waive the *707 state’s right or work estoppel against it. See 24B C.J.S. Criminal Law § 1999, pp. 687-688. However, an exception to the general rule appears to be that although mere delay in the infliction of punishment may not be sufficient reason for releasing one convicted of a crime from the consequences of the judgment against him, when the delay has been so great that society could derive no good from its enforcement and when such delay has occurred without the fault of the convict, even though with his consent, there should be no hesitancy in refusing to enforce the judgment.[10]
Clearly, Cunningham would not be entitled to relief under this standard.
We believe that Rule 3.720 of the Florida Rules of Criminal Procedure should be followed upon a defendant’s conviction:
As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing.
But we must take the facts of a particular case as we find them. Here, the trial court did not defer sentence “from day to day or term to term” or defer sentence pending appeal; rather, he deferred sentence pending a presentence investigation. However, when the presentence investigation was completed, the case was on appeal. Under these circumstances, absent an objection or some showing of prejudice, we cannot say that it was unreasonable for the trial court to await the outcome of the appeal before sentencing. We therefore hold that the circumstances of this case justified the delay in the imposition of sentence and the trial court did have jurisdiction to impose sentence.
As an additional ground for reversal Cunningham cites the failure of the trial court to apprise him of any factual matters contained in the confidential portion of the presentence investigation a reasonable time prior to sentencing. The record supports his position in this regard since the trial court acknowledged the existence of such factual matters at the sentencing hearing. There should be no factual matters considered by the trial court of which the defendant is not apprised a reasonable time prior to sentencing.[11]
Accordingly, the sentence is hereby reversed with directions that a new sentencing hearing be scheduled in accordance with this opinion and that the appellant, F. Malcolm Cunningham, be apprised of any factual matters contained in the confidential portion of the presentence report a reasonable time prior to sentencing.
ALDERMAN, C. J., and DAUKSCH, J., concur.

. Cunningham v. State, 337 So.2d 993 (Fla. 4th DCA 1976).

. If a defendant is not afforded the right to a trial by jury, the maximum sentence of imprisonment that may be imposed for criminal contempt is one day less than six months. Aaron v. State, 284 So.2d 673 (Fla. 1973); Barr v. State, 334 So.2d 636 (Fla. 2d DCA 1976).

. Rodriguez v. State, 119 So.2d 681 (Fla.1960); State v. Bateh, 110 So.2d 7 (Fla.1959); and Helton v. State, 106 So.2d 79 (Fla.1958). Also see State v. Stallworth, 251 So.2d 847 (Fla. 1971); Slay v. State, 347 So.2d 730, opinion filed June 17, 1977 (Fla. 1st DCA 1977); Smith v. State, 259 So.2d 498 (Fla. 1st DCA 1972); McCloud v. State, 237 So.2d 818 (Fla. 1st DCA 1970); Drayton v. State, 177 So.2d 250 (Fla. 3d DCA 1965).

.State v. Bateh, supra, at 9-10.

. Rodriguez v. State, supra, at 682.

. State v. Sweetman, 302 So.2d 164 (Fla. 4th DCA 1974).

.Cunningham was granted bail pending appeal by this court.

. Florida Appellate Rule 6.2.

. State v. Bateh, supra, at 10.

. State v. Buchanan, 149 So.2d 574, 575 (Fla. 3d DCA 1963).

. Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977).