ROBERT P. SMITH, Jr., Judge.
K.L.C., a fifteen-year-old male, appeals from a circuit court judgment that he is delinquent, having attempted to commit robbery. The judgment is based in part on K.L.C.’s confession obtained after he was appropriately Miranda -warned, immediately upon being questioned at headquarters following his arrest at home.
The trial court found, and we agree, that there was no unreasonable delay in delivering K.L.C. to an intake officer. Section 39.03(3)(a), Florida Statutes (1979). Nor do we find a violation of that statute’s requirement that the police, determining “that the *456 child should be detained”, must make “a reasonable effort to immediately notify the parents . . In this case the parents were so notified because they were at home when their son was arrested. This case is unlike Dowst v. State, 336 So.2d 375 (Fla. 1st DCA 1976) and J.E.S. v. State, 366 So.2d 538 (Fla. 1st DCA 1979), in which either the child or the parents, being notified of the arrest, requested and were denied a reasonable opportunity to confer. The obligation of the arresting officers is to notify the parents and, if requested, to grant them and the child a reasonable opportunity to confer before in-custody questioning begins. The police obligation does not extend to offering a conference opportunity which is not requested.
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.