390 So.2d 95 (1980)
Willie Allen GARRETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1098.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Rehearing Denied December 8, 1980.
*96 Terry L. DeMeo, Miami, Louis R. Beller, Miami Beach, Bruce J. Winick, Coral Gables, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HUBBART,[*] C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Appellant was arrested on May 23, 1970, and charged with first-degree murder of a police officer, and arson in the second degree. Trial by jury was waived. At his arraignment on July 9 of that year, the issue of his competency was first raised. Three psychiatrists were appointed at that juncture to assess Garrett's ability to participate meaningfully in his defense. After receiving the evaluation reports of the three experts, the court found Garrett incompetent to stand trial. He was placed into the custody of the state's Division of Mental Health, Department of HRS, and admitted into Florida State Hospital at Chattahoochee for restoration to competency. There he was treated with psychotropic medication, and his symptomatology entered a period of remission. On October 14, 1971, the Clinical Director of that institution informed the court that appellant had been turned over to the Dade County Sheriff's Office for further disposition, i.e. to stand trial.
Thereafter, the court ordered Garrett removed from all medication, to assess the change, if any, in his faculties. Garrett soon relapsed into his earlier psychotic state, and was thereupon returned to Chattahoochee.
This process of remission and relapse occurred repeatedly over the next six years, until Garrett was finally positively evaluated for competency while under medication pursuant to Section 918.15(4)(a), Florida Statutes (1977). He entered a nolo plea, reserving right of appeal to this court.
We reverse the judgment of the court below on the basis that, under the holding of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), he should never have been brought to trial.
Jackson was a twenty-seven-year-old deaf-mute of pre-school mentality arrested for two robberies netting him a total of nine dollars. Obviously unable to assist in his own defense, he was committed to the Indiana equivalent of Chattahoochee, until such time as he should be ready to stand trial. After a period of years, his incarceration was challenged on due process and equal protection grounds. After state court *97 avenues of relief had been exhausted, his case was heard by the Supreme Court, which held, inter alia, that
a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.
406 U.S. at 738, 92 S.Ct. at 1858, 32 L.Ed.2d at 451.
On these facts, we find Garrett to have been held more than a "reasonable period" without the requisite determination of the likelihood of his eventual ability to stand trial. Moreover, since it appears that the trial court was of the opinion that Garrett was per se incompetent while under the influence of his medication-a belief not legally untenable until 1977 (when Section 918.15(4)(a), supra, was passed), it is clear that had the court held the hearing mandated by Jackson, at any time prior to 1977, it would necessarily have found Garrett permanently incompetent. Under Jackson, the trial court should have entertained civil commitment proceedings by the state, or released him.
We reverse and order that the court below discharge Garrett unless the state shall elect to commence civil proceedings within thirty days from the issuance of our mandate.
NOTES
[*] Judge Hubbart participated in the decision in this case but did not hear oral argument.