405 So.2d 302 (1981)
James BATCH, Appellant,
v.
STATE of Florida, Appellee.
No. 79-646.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Victor Tobin, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant, a minor, was indicted for second degree murder and tried by a jury. He appeals his conviction and sentence for the lesser included crime of manslaughter. He was sentenced as an adult to the Department of Corrections.
With respect to the conviction, appellant advances two theories for reversal. He initially contends that his conviction was erroneous because the trial court failed to suppress certain recorded statements made by him to the police before they notified his parents of his detention. He argues that Section 39.03(3), Florida Statutes (1977) requires *303 such notification and that any statements obtained before notification are, per se, involuntary. The appellant also contends that he is entitled to a new trial because a witness' mother improperly coached the witness during trial testimony. We find no error concerning either point and affirm the conviction. Nevertheless, we will discuss the requirement of notification.
With respect to the appellant's sentence, he also advances two arguments for reversal. First, he argues that his sentence as an adult violates Section 39.111(6), Florida Statutes (1978 Supp.) which requires a predisposition hearing and written findings of fact, together with the reasons for imposing adult sanctions. Finally, appellant argues that the trial court erred in refusing to allow him to review, prior to sentencing, the confidential portion of the presentence investigation report. We hold that the trial court violated Section 39.111(6) and improperly denied the appellant an opportunity to review any factual information contained in the presentence investigation report.
The appellant and the victim were passengers in an automobile. When the victim became upset with appellant's advances toward her, he commenced waiving a sawedoff .22 caliber rifle around aimlessly. He claims it accidentally discharged, striking and killing the victim. The appellant took the victim to the hospital where she was pronounced dead. The appellant then telephoned his mother who immediately went to the hospital.[1] Appellant and his mother had a brief conversation after which the police took the appellant to the scene of the shooting. The parents, pursuant to advice of the police, went to the Pompano Beach Police Station to wait for their son.
At the scene of the shooting and after being advised of his constitutional rights, the appellant admitted that he accidentally fired the gun, and he assisted the police in locating the gun which he had thrown in the bushes. The police then took the appellant to the police station and commenced taking a statement from him. Upon learning that appellant was 16 years of age, the interrogation ceased and the police transported him to the juvenile detention center. Although the parents were at the police station, no effort was made to put the appellant in contact with them.
At the detention center the police again advised the appellant of his constitutional rights, this time in the presence of a juvenile counsellor, and took a taped statement from him. After obtaining additional evidence, the police took a second taped statement. Again the police advised the appellant of his rights. The record is not clear as to precisely when the appellant requested to speak with his parents, but there is competent evidence showing that he made a request immediately after giving the first statement. The juvenile counsellor then put him in telephone contact with his parents who had remained at the police station.
Appellant argues that all of his oral and written statements should have been suppressed because the police didn't notify his parents of his detention pursuant to Section 39.03(3), Florida Statutes (1977). We first note that his parents were at the hospital before appellant was in custody and they were told that he was being taken to the police station. Cf., K.L.C. v. State, 379 So.2d 455 (Fla. 1st DCA 1980) (son arrested at home in presence of parents). Second, notification to the parents of a juvenile's detention is not necessarily related to interrogation. It is merely to advise the parents of the juvenile's whereabouts, and although the lack of notification may, and should be, considered as part of the totality of the circumstances under which statements are made, the failure to notify is not controlling. Doerr v. State, 383 So.2d 905 (Fla. 1980). Admission of a juvenile's statements depends upon their voluntariness considered in the light of the totality of the circumstances. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962). *304 We find substantial competent evidence to support the trial court's finding that appellant gave the statements voluntarily.
Appellant claims that the trial court erred by failing to conduct a predisposition hearing and enter written findings of fact before adult sanctions could be imposed against him as required by Section 39.111(6), Florida Statutes (1978 Supp.) This section became effective on October 1, 1978, which was after appellant's criminal act but before his trial and sentencing. Nevertheless, the section is procedural and such statutory changes apply to pending cases. Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979). See also McShay v. State, 321 So.2d 464 (Fla. 4th DCA 1975).
Section 39.116 applies "[w]hen a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law... ." The appellant was eligible for consideration under the procedures of Section 39.111(6) because a child charged by indictment is considered transferred to the criminal division of the circuit court from the juvenile division pursuant to Chapter 39, Florida Statutes (1977). See State v. Goodson, 403 So.2d 1337 (Fla. 1981). Furthermore, the provisions of Section 39.111(6) are mandatory. Johnson v. State, supra; Proctor v. State, 373 So.2d 450 (Fla. 2d DCA 1979). Consequently, the trial court improperly failed to follow the procedures set forth in Section 39.111(6).
All factual information contained in a presentence investigation report (PSI) must be disclosed to a defendant a reasonable time prior to sentencing. Cunningham v. State, 349 So.2d 702 (Fla. 4th DCA 1977), cert. denied, 362 So.2d 1052 (Fla. 1978); Campbell v. State, 342 So.2d 1010 (Fla. 4th DCA 1977); Dickens v. State, 368 So.2d 950 (Fla. 1st DCA 1979). Although we have not been provided with a copy of the PSI in this case, the record discloses that the court refused defense counsel's motion to review what, if any, factual information was contained in the confidential portion of the PSI. This refusal was erroneous.
Accordingly, the defendant's conviction is affirmed and this cause is remanded for resentencing in accordance with Section 39.111(6) and with directions that the trial court review the confidential portion of the PSI and disclose to the defendant, a reasonable time before sentencing, any factual matter that may be contained therein.
AFFIRMED and REMANDED for RESENTENCING.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] The testimony of the appellant's mother and father is conflicting as to whether both parents were at the hospital.