PER CURIAM.
Warwick appeals a conviction of manslaughter and the resulting sentence.
On October 14, 1976, Warwick was charged with first degree murder. On November 16, 1976, Warwick filed a notice of intent to rely on a defense of insanity. On February 23, 1977, Warwick was found incompetent to stand trial and was committed to the Division of Mental Health. On March 9, 1979, an administrative hearing officer found Warwick was still incompetent to stand trial, and that he had no substantial probability of becoming mentally competent to stand trial. This was based on the finding that Warwick suffered from organic brain syndrome due to drug abuse. On February 13, 1980, Warwick moved to dismiss the charges pursuant to Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) which motion was denied. On November 10, 1980, January 4, 1981 and July 7, 1981, Warwick was still found to be incompetent to stand trial. On October 31, 1981, the trial judge received a letter by the administrator of the facility stating that Warwick had mimicked the psychotic symptoms. On March 16, 1982, Warwick again moved to dismiss the charges, which motion was denied. On April 6, 1982, the trial court entered an order finding Warwick able to stand trial. On June 15, 1982, Warwick pled nolo contendere to a reduced charge of manslaughter specifically preserving the right to appeal the court’s denial of the motions to dismiss. Warwick was adjudicated guilty and sentenced to 15 years imprisonment. Warwick appeals. We affirm. The appellant was accorded a hearing at the expiration of 5 years in accordance with Rule 3.213(a) Florida Rules of Criminal Procedure[1] adopted in 1980. He' was found to be competent. We find that the rule was applicable to the appellant even though it was promulgated after he was committed, particularly in view of the *189 fact that it became effective before 5 years had expired from the original commitment. It is a rule of procedure and as such was applicable to all pending matters. Batch v. State, 405 So.2d 302 (Fla. 4th DCA 1981); Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979).
We find that the impact of the rule distinguishes this case from Garrett v. State, 390 So.2d 95 (Fla. 3d DCA 1980) rev. denied 399 So.2d 1146 (Fla. 1981) cert denied, 454 U.S. 1004, 102 S.Ct. 544, 70 L.Ed.2d 409, rehearing denied, 454 U.S. 1165, 102 S.Ct. 1041, 71 L.Ed.2d 322 (1981) and therefore affirm the trial judge’s action here under review.
Affirmed.

. Rule 3.213. Continuing Incompetency to Stand Trial: Disposition, (a) If at any time after five years after determining a person incompetent to stand trial when charged with a felony or one year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial, that there is no substantial probability that the defendant will become mentally competent to stand trial in the foreseeable future, and that the defendant does not meet the criteria for involuntary hospitalization set forth by law, or for involuntary admission to residential *189 services as set forth by law, it shall dismiss the charges against the defendant.