DANIEL S. PEARSON, Judge,
concurring.
The majority’s reliance on the fact that the defendant, in compliance with Florida Rule of Criminal Procedure 3.213, was accorded a competency hearing at the expiration of five years is simply not dispositive of the defendant’s constitutional claim that he was entitled to a dismissal of the charges against him, nor does it distinguish this case from Garrett v. State, 390 So.2d 95.
Rule 3.213 sets an outer limit for holding a person on a determination that he is incompetent to stand trial. If he is charged with a felony, is still incompetent after five years, and there is no substantial probability that he will become mentally competent to stand trial in the foreseeable future, then the rule mandates that the charges against the defendant be dismissed.[2] But because the defendant is not entitled to relief under the rule either because he is found competent at the expiration of five years of incompetency, as here, or there is found to be a substantial probability that he will become mentally competent to stand trial in the foreseeable future, does not mean he is not entitled to relief under the Constitution. In other words, the rule does not do away with the holding in Garrett that a defendant who has “been held more than a ‘reasonable period’ without the requisite determination of the likelihood of his eventual ability to stand trial,” 390 So.2d at 97, cannot thereafter constitutionally be brought to trial. However, while I believe the defendant’s constitutional claim must be addressed, I do not believe he is entitled to the relief he seeks.
In my view, Garrett was wrongly decided. There simply was no constitutional infirmity in Garrett’s conviction, and there is none here.
In Garrett, this court reversed the conviction of a man who was brought to trial after being found competent to stand trial solely because he had been incarcerated for between six and seven years under earlier orders determining him to be incompetent. This court believed that such a result was compelled by Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). However, as Justice Rehnquist observed in dissenting from the United States Supreme Court’s decision to deny certiorari in Garrett, Florida v. Garrett, 454 U.S. 1004, 102 S.Ct. 544, 70 L.Ed.2d 409 (1981), this court’s decision in Garrett “is not supported, much less compelled, by Jackson v. Indiana,” 454 U.S. at 1006, 102 S.Ct. at 546, 70 L.Ed.2d at 410. As he explained:
“Jackson ... recognized limits on the power of a State indefinitely to eonfine an accused ‘solely on account of his incapacity to proceed to trial.’ As the Court was aware, however, that holding does not address the power of the State to try, and thus to convict, the accused once he has regained competency to face the charges against him_ It is foreseeable that once that time arrives the defendant may allege that he has been deprived of the right to a speedy trial guaranteed by the Sixth and Fourteenth Amendments. The respondent in this case relied precisely, and exclusively, on *190 such an argument in the District Court of Appeal_ That court, however, reversed his conviction ‘on the basis that, under the holding in Jackson v. Indiana, ... he should never have been brought to trial.’ 390 So.2d, at 96. Since Jackson did not address the power of the State to bring an accused to trial, it affords no basis for reversing respondent’s conviction.[2]
454 U.S. at 1008, 102 S.Ct. at 546-47, 70 L.Ed.2d at 410-11 (emphasis in original). Thus, the remedy for a violation of the constitutional right not to be indefinitely incarcerated solely on a determination that one is incompetent to stand trial is not, as we held in Garrett, a dismissal of the criminal charges.[3] Since, as I have said, Rule 3.213 does not do away with the holding in Garrett, the holding in Garrett should be done away with by us.

. If the defendant meets the criteria for involuntary hospitalization, then under Section (b) of the rule, the court is to commit the defendant for appropriate treatment.

"2 If Jackson had purported to limit the power of the State to try an accused because of an unlawful pretrial commitment, it would have marked a drastic departure from the ‘established rule that illegal arrest or detention does not void a subsequent conviction.’ Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975).”

. Of course, a state may confer upon its citizens greater rights than the Constitution commands. This is precisely what it has done in Rule 3.213, which provides for dismissal of the charges after the requisite findings of continued incompetency and no substantial probability of regaining competency in the foreseeable future are made. A defendant’s entitlement to dismissal of the charges is limited, however, to what the rule provides, and since here he is entitled to no relief under the rule, he is entitled to no relief.