WARNER, Judge.
Petitioner requests the issuance of a writ of mandamus requiring the trial court judge to enter an order pursuant to section 948.06, Florida Statutes (1989), and Florida Rule of Criminal Procedure 3.790 either revoking, modifying, or continuing her probation after she admitted a violation thereof. The trial court has failed to make any ruling thereon. We hold that the court’s duty to enter an order is mandatory and grant the writ.
In 1988 Petitioner was placed on probation after pleading guilty to driving while under the influence and causing serious bodily injury. As a condition of the five year probation, petitioner was to serve one year in the county jail. Petitioner failed to surrender at the jail, and an affidavit of violation was filed. Petitioner was arrested in May of 1991 pursuant to the warrant issued on the violation. On June 18, 1991, a hearing was held on her violation of *1256 probation. She admitted the violation and requested to be sentenced. She again made the request at another hearing held on July 9, 1991. The court stated that he would not do that, that as far as he was concerned, petitioner was serving the conditions of her probation “right now”, meaning that she was serving time in the county jail. Nevertheless the court refused to rule on the violation of probation. This petition has been filed in an effort to require the trial court to rule on the violation.
In order for petitioner to be entitled to the issuance of a writ of mandamus the petition must demonstrate the existence of a clear legal right to compel the performance of an indisputable duty. Chavis v. Dugger, 538 So.2d 120 (Fla. 1st DCA 1989). Both the statute and the rule of criminal procedure establish petitioner’s clear legal right and the judge’s indisputable duty to enter an order revoking, modifying, or continuing her probation. Section 948.06, Florida Statutes (1989) provides, in part:
[T]he Court, upon the probationer or offender being brought before it, shall advise him of such charge of violation, and, if such charge is admitted to be true, may forthwith revoke, modify or continue the probation or community control or place the probationer into a community control program. If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged ... and impose any sentence which it might have originally imposed before placing the probationer on probation....
That statute is implemented by Florida Rule of Criminal Procedure 3.790 which provides:.
(b) Revocation of Probation and Community Control; Judgment; Sentence. When a probationer or a community con-trollee is brought before a court charged with a violation of probation or community control, the court shall advise him of such charge and if the charge is admitted to be true may forthwith enter an order revoking, modifying or continuing the probation or community control_ Following a revocation of probation or community control, the trial court shall adjudicate the defendant guilty of the crime forming the basis of his probation or community control.... Pronouncement and imposition of sentence then shall be made upon such defendant.
The statute and the rule use similar language, the statute stating that the trial court “may forthwith revoke, modify or continue,” and the rule stating that it “may forthwith enter an order revoking, modifying or continuing the probation or community control”. The word “may” in this context must be construed as an imperative to the court to exercise its authority. “Words of permission shall in certain cases be obligatory. Where a statute directs the doing of a thing for the sake of justice, the word may means the same as shall.” Mitchell v. Duncan, 7 Fla. 13 at 21 (1857).
We think that a grammatical construction of the statutory language yields the same result. The statute uses the word “forthwith” which the dictionary defines as “immediately, without delay; at once.” Webster’s Third New International Dictionary 895 (1966). “Forthwith” is an adverb. Adverbs modify verbs. Therefore “forthwith” modifies the verb phrase “may ... enter”. (The auxiliary or helping verb is “may” and the main verb is “enter”.) Thus, it sets a time parameter (immediately) on the trial court’s discretionary power (“may”) to enter the type of order on probation (revoking, modifying, or continuing) which the court deems appropriate. In other words the discretion given to the court by both the rule and the statute after a probationer admits violation is in the type of order to be entered, not in its timing. The timing is “forthwith” after the admission of the violation. In this case the trial court affirmatively has elected not to enter an order, although the transcript reveals that he appears to be continuing petitioner’s probation. Petitioner has an absolute *1257 right to an order, and the trial judge has an absolute duty to enter an order in this case.
Petitioner also states that she is entitled to be sentenced immediately on her violation. However, until the trial court determines that he is revoking the probation, no sentencing is required. If he should revoke the probation, then petitioner is entitled to-expeditious sentencing but as the state maintains, there is no “speedy sentencing” rule. However, sentencing should be delayed for only justifiable reasons such as determination of motions, the gathering of sentencing information, etc. See Slay v. State, 347 So.2d 730, 731 n. 3 (Fla. 1st DCA 1977). Sentencing should not be delayed until every case against a particular defendant is ready for sentencing. Clark v. State, 572 So.2d 1387 (Fla.1991). If this were merely a short delay in sentencing, the granting of mandamus might be inappropriate because of the discretion of the trial court in both sentencing and the control of the court calendar. However, it is not a sentencing case, and therefore the petitioner is entitled to the relief of mandamus to the extent of our direction to the trial court to enter an order forthwith revoking, modifying, or continuing petitioner’s probation. It is so ordered.
DOWNEY and GUNTHER, JJ., concur.