# Supreme Court of Florida

_____

No. SC2022-1457
_____

**ERIC DESMOND PARRISH,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 18, 2026

COURIEL, J.

A jury found Eric Desmond Parrish guilty of sexual battery with force, battery, and false imprisonment. At sentencing, Parrish sought a downward departure from the lowest permissible sentence under the Criminal Punishment Code. The trial court denied that request, and Parrish appealed. The First District Court of Appeal decided that it lacked jurisdiction to review the sentencing court's denial of a downward departure sentence, differing from the other district courts to have considered the question. *Parrish v. State*, 349 So. 3d 485, 487 (Fla. 1st DCA 2022).

While that matter was before us, the First District changed course.  In *Gazoombi v. State*, that court determined it indeed had jurisdiction to review a trial court's alleged abuse of discretion in deciding whether to depart, but that "a trial court's choice of sentence within an authorized range is not cognizable as a claimed harm that can be remedied on appeal" absent an infringement of a defendant's constitutional "right to a fair proceeding (read: due process) before his being deprived of his liberty."  406 So. 3d 371, 380 (Fla. 1st DCA 2025).  The proper disposition for a meritless claim of this kind, the First District held, "is not dismissal, but affirmance" of the judgment below—that is, denial of appellate relief.  *Id.* at 377.[1]

_____

1.  The proper disposition for a claim found to be lacking in merit is denial of appellate relief; for a claim determined to be outside a court's jurisdiction, and thus to be disposed of without regard to its substantive merit, the proper disposition is dismissal.  *Compare Loyd v. State*, 379 So. 3d 1080, 1093 (Fla. 2023) ("[Defendant's] argument is meritless, and we deny this claim."), *with Williams v. State*, 913 So. 2d 541, 544 (Fla. 2005) ("We dismiss the present petitions for lack of jurisdiction.").  *See also Dismissal Order, Black's Law Dictionary* (12th ed. 2024) (defining "dismissal order" as a "court order ending a lawsuit without a decision on the merits").

We still have jurisdiction.  *See* art. V, § 3(b)(3), Fla. Const.[2] We determine that a district court has jurisdiction to review a trial court's final order containing a decision not to grant a downward departure sentence and quash *Parrish* to the extent that it reasoned otherwise.

## I

Parrish raped his 53-year-old foster mother when he was 16. Under Florida's Criminal Punishment Code, the permissible sentencing range for Parrish's convictions was 146.85 months to life imprisonment.  Typically, "[t]he lowest permissible sentence provided by calculations from the total sentence points . . . is assumed to be the lowest appropriate sentence for the offender

---

2.  Where its predicate for jurisdiction has been an express or certified conflict among the district courts at the time it has accepted a case, this Court has exercised discretion in deciding whether to retain jurisdiction even if the district courts have subsequently resolved their conflict.  *See, e.g., Robertson v. Robertson*, 593 So. 2d 491, 493 (Fla. 1991) ("Notwithstanding the fact that there is no longer a conflict of decisions in the district courts of appeal, having accepted jurisdiction when there was a conflict, we have agreed to render a decision in this case because of the important issue involved."); *State v. Fuller*, 887 So. 2d 1236, 1237 (Fla. 2004) (declining to exercise discretion to review when a subsequent district court holding eliminated the certified conflict, but still acknowledging that "we have jurisdiction").

being sentenced." § 921.00265(1), Fla. Stat. (2020).  But a downward departure is permitted where "there are circumstances or factors that reasonably justify [it]." § 921.0026(1), Fla. Stat. (2020); *see also* § 921.00265(1), Fla. Stat. ("A departure sentence is prohibited unless there are mitigating circumstances or factors present as provided in s. 921.0026 which reasonably justify a departure.").

When faced with a request for a downward departure sentence, a trial court applies the two-step test we described in *Banks v. State*, 732 So. 2d 1065 (Fla. 1999).  Step one requires the court to analyze "whether there is a valid legal ground [for a departure] and adequate factual support for that ground in the case pending before it." *Id.* at 1067.  The court then considers, at step two, "whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case." *Id.* at 1068.

Here, Parrish sought a downward departure under section 921.0026, Florida Statutes, which lists mitigating circumstances. He argued, first, that he was to be sentenced as a youthful offender (that's subsection (2)(l)); and second, that he required specialized

treatment for a mental disorder unrelated to substance abuse and was amenable to treatment (that's subsection (2)(d)). The State opposed a downward departure because of Parrish's extensive criminal history, the escalating nature of his criminal conduct, and what it contended was his high risk of reoffending—all permissible considerations under Florida's sentencing regime, which demands that the circumstances "reasonably justify" a downward departure. *See* § 921.0026(1), Fla. Stat.; *see also Barlow v. State*, 238 So. 3d 416, 417 (Fla. 1st DCA 2018) (finding trial court committed no error in denying a downward departure sentence after considering evidence that refuted a report indicating the defendant was a low-risk reoffender); *cf.* § 921.0026(2)(j), Fla. Stat. (considering "an isolated incident" as reasonably justifying a departure under certain circumstances).

The trial court declined to make a finding as to whether there was a valid legal ground and adequate factual support for a downward departure—that is, a "step one" finding under *Banks*. Instead, stating that its decision was "not even a close question," it concluded that no downward departure was appropriate given Parrish's "high risk for reoffending based on the evidence and based

- 5 -

on [his] behavior," regardless of whether there was a legal and factual basis for a departure. Ultimately, the trial court sentenced Parrish to thirty years in prison for the sexual battery count and five years for the false imprisonment count, to run concurrently, and time served for the battery count.

On appeal, Parrish argued that the trial court erred in declining to impose a downward departure sentence. The First District dismissed that portion of his case, for that court determined "it lack[ed] authority to review a sentencing court's decision not to grant a departure sentence." *Parrish*, 349 So. 3d at 487 (citing *Wilson v. State*, 306 So. 3d 1267, 1273 (Fla. 1st DCA 2020)).[3] *Wilson* had certified conflict with cases from the Second, Fourth, and Fifth District Courts of Appeal on this issue. *See Wilson*, 306 So. 3d at 1273 (certifying conflict with *Barnhill v. State*, 140 So. 3d 1055 (Fla. 2d DCA 2014), *Fogarty v. State*, 158 So. 3d 669 (Fla. 4th DCA 2014), and *Kiley v. State*, 273 So. 3d 193 (Fla.

---

3. The First District denied relief on Parrish's other claim that he was entitled to a sentence review. *Parrish*, 349 So. 3d at 486-87. It also found, in a footnote, that the State correctly argued Parrish's ineligibility for a youthful offender sentence. *Id.* at 486 n.1 (citing § 958.04(1)(c), Fla. Stat.).

5th DCA 2019)).[4]

Parrish petitioned for this Court's review.

## II

A district court has jurisdiction to review a trial court's decision not to grant a downward departure sentence.

Article V, section 4(b)(1) of the Florida Constitution says, "District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts."

We undertake interpretation of the Florida Constitution de novo. *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012). "In so doing, we begin, and for good reason often end, with its words." *City of Tallahassee v. Fla. Police Benevolent Ass'n*, 375 So. 3d 178, 183 (Fla. 2023) (citing *Advisory Op. to Governor re Implementation of Amend. 4, The Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020)). Our task in interpreting the Constitution's text is to arrive at the "plain, usual, ordinary, and

---

4. We accepted jurisdiction to review, *see Wilson v. State*, No. SC2020-1870, 2021 WL 1157838 (Fla. Mar. 26, 2021), and stayed *Wilson* pending resolution of this case.

commonly accepted meanings" of its words "at the time they were written." *Id.* And "[t]o discern that ordinary meaning[,] words must be read and interpreted in their context, not in isolation." *Id.* (quoting *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022)).

There is no avoiding the Constitution's words: the district courts have jurisdiction to hear appeals "from final judgments or orders of trial courts" "taken as a matter of right." Art. V, § 4(b)(1), Fla. Const. A sentencing order, generally, is a final order. It "constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the [trial] court to effectuate a termination of the cause as between the parties directly affected." *State v. Gaines*, 770 So. 2d 1221, 1223-24 (Fla. 2000) (quoting *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974)); *cf. Morgan v. State*, 350 So. 3d 712, 716 (Fla. 2022) (finding the process of sentence correction incomplete until an order is entered imposing a corrected sentence because "there is no final order" where "[j]udicial labor in the cause remains to be done"). It is distinct from a final judgment of conviction; while a final judgment of conviction declares a defendant's guilt, a final sentencing order sets the punishment the defendant must bear for that conviction.

*See Weathers v. State*, 56 So. 2d 536, 538 (Fla. 1952) ("The finding by jury and adjudication by court settle the fact of guilt; the punishment when meted out is simply the penalty for established misconduct."). Generally, a "defendant may appeal from a conviction or from a sentence after conviction, or both." *Cunningham v. State*, 349 So. 2d 702, 706 (Fla. 4th DCA 1977). Indeed, the statute governing criminal appeals distinguishes an appealable "final judgment of conviction" from an appealable "sentence." § 924.06, Fla. Stat. (2025). And our Florida Rules of Appellate Procedure do the same. *See* Fla. R. App. P. 9.140(b)(1)(A), (E), (F) (permitting a criminal defendant to appeal from "a final judgment adjudicating guilt" and "a sentence"); Fla. R. App. P. 9.140(b)(3) (requiring a criminal defendant to file any notice of appeal "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence"); *cf.* Fla. R. App. P. 9.110(h) ("Multiple final orders may be reviewed by a single notice . . . .").

Section 924.05, Florida Statutes (2025), states that "[d]irect appeals provided for in this chapter [on criminal appeals] are a matter of right." So, relying on section 924.05 and article V, section

- 9 -

4(b), we have said that "[c]riminal defendants are entitled to a direct appeal as a matter of right in Florida." *Sims v. State*, 998 So. 2d 494, 498 (Fla. 2008).[5]

A criminal defendant's right to a direct appeal is not absolute. The Legislature "may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights." *Amends. to Fla. Rules of App. Proc.*, 696 So. 2d 1103, 1104 (Fla. 1996). While the Legislature cannot "restrict the subject matter jurisdiction of the appellate courts to hear criminal appeals," it may place non-jurisdictional procedural bars that, if not met by a defendant, may result in summary affirmance. *State v. Jefferson*, 758 So. 2d 661, 664-65 (Fla. 2000) (holding that portions of the Criminal Appeal Reform Act were not limitations on appellate courts' subject matter jurisdiction, but rather codifications of existing procedural bars). The Legislature is typically clear when it places reasonable conditions

---

5. The State, on the other hand, does not enjoy a constitutional right to appeal. Instead, "[t]he State's right to appeal in a criminal case must be 'expressly conferred by statute.'" *Exposito v. State*, 891 So. 2d 525, 527 (Fla. 2004) (*quoting Ramos v. State*, 505 So. 2d 418, 421 (Fla. 1987)).

on appellate review. *See, e.g.*, § 924.051(3), Fla. Stat. (2025) ("An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error."); § 924.051(4), Fla. Stat. (if a criminal defendant pleads nolo contendere or guilty "without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence"); § 775.084(3)(d)2., Fla. Stat. (2025) ("Technical violations and mistakes at trials and sentencing proceedings involving violent career criminals that do not affect due process or fundamental fairness are not appealable by either the state or the defendant.").

But here, the Legislature has not clearly limited a criminal defendant's ability to have his or her denial of a downward departure reviewed. Regarding appellate review, Florida's downward departure scheme only says, "The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, but the extent of downward departure is not subject to appellate review." § 921.0026(1), Fla. Stat. So, a downward departure that results in a sentence below

the lowest permissible sentence is reviewable (typically at the State's request), but the extent of a departure is not. "We are not at liberty to add words to statutes that were not placed there by the Legislature." *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999) (citing *In re Ord. on Prosecution of Crim. Appeals*, 561 So. 2d 1130, 1137 (Fla. 1990)).

For these reasons, we determine that a district court has jurisdiction to review a denial of a downward departure.

### III

We approve *Barnhill, Fogarty*, and *Kiley* to the extent that those decisions held that a district court has jurisdiction to review a timely appeal of a trial court's decision on a downward departure sentence and quash *Parrish* and disapprove *Wilson* to the extent they reasoned to the opposite conclusion.

We remand this case to the First District for further proceedings consistent with this opinion.

It is so ordered.

MUÑIZ, C.J., and LABARGA, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
TANENBAUM, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Direct Conflict of Decisions

First District - Case No. 1D2021-1435

(Escambia County)

Jessica J. Yeary, Public Defender, Second Judicial Circuit, and Justin F. Karpf, Assistant Public Defender, Tallahassee, Florida,

for Petitioner

James Uthmeier, Attorney General, Tallahassee, Florida, Jeffrey Paul DeSousa, Acting Solicitor General, Tallahassee, Florida, and Christopher J. Baum, Senior Deputy Solicitor General, Miami, Florida,

for Respondent